IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MARGARET A. HAYWARD,                §
                                    §
        Plaintiff,                  §
                                    §
VS.                                 §   NO. 4:06-CV-896-A
                                    §
SECRETARY OF LABOR,                 §
UNITED STATES DEPARTMENT            §
OF LABOR,                           §
                                    §
        Defendant.                  §

MEMORANDUM OPINION
and
ORDER

On October 19, 2007, plaintiff, Margaret A. Hayward, filed a brief in support of her first amended complaint. On November 13, 2007, defendant, Secretary of Labor, United States Department of Labor, filed a response to plaintiff's brief. In the response, defendant moved for summary judgment. Plaintiff replied to defendant's response/motion for summary judgment on November 28, 2007. Having considered plaintiff's brief, defendant's response, plaintiff's reply, the record, and applicable authorities, the court concludes that defendant's motion for summary judgment should be granted.

I.

Plaintiff's Claims
-----

Plaintiff's action arises under the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), 42 U.S.C. § 7384, et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551, et seq. and 701, et seq. Plaintiff seeks judicial review of defendant's denial of survivor benefits under Part B of the EEOICPA.[1] Plaintiff alleges that the findings of fact and conclusions of law in the second final decision of the Department of Labor ("DOL"), which administers claims under the EEOICPA, are arbitrary, capricious, unsupported by the evidence, an abuse of discretion, and not in conformance with the EEOICPA or the DOL's regulations promulgated thereunder. Plaintiff claims that the DOL's denial of survivor benefits is erroneous because the DOL failed to adjust the User Defined Uncertainty Distribution variable on the NIOSH-IREP computer model,[2] and that such adjustment would have been proper given the

---

[1] Part B of the EEOICPA is codified at 42 U.S.C. §§ 7384l to 7384w-1.

[2] The DOL applies the cancer risk models developed by the National Cancer Institute and the Centers for Disease Control and Prevention directly to an individual claimant's data with a software program called the NIOSH-Interactive RadioEpidemiological Program ("NIOSH-IREP"). Guidelines for Determining Probability of Causation Under the Energy Employees Occupational Illness Compensation Program Act of 2000, 42 C.F.R. § 81.10 (2006). The risk models can be adjusted as necessary to account for several different
(continued...)

rarity of her husband's specific type of cancer. Plaintiff asks the court to vacate defendant's decision and remand the action back to defendant for further consideration.

II.

## The Motion for Summary Judgment

Defendant maintains that the decision denying plaintiff's claim under Part B of the EEOICPA is subject to the deferential arbitrary and capricious standard of review. Under the arbitrary and capricious standard of review, defendant argues, the denial of plaintiff's claim should be upheld as a matter of law because such decision was based on careful consideration of relevant factors, it set forth a rational relationship between those factors and its final decision, and defendant made no clear error denying plaintiff's claim.

III.

## Background

Plaintiff is the surviving widow of Milton L. Hayward ("M.L. Hayward"). M.L. Hayward worked for the United States Department of Energy ("DOE") in the nuclear weapons program for over fifteen years. During that time, he was exposed to ionizing radiation.

---

²(...continued)
variables, including uncertainty. Id.

On February 3, 1997, M.L. Hayward was diagnosed with sarcomatoid carcinoma (also known as carcinosarcoma), a rare type of prostate cancer. The cancer spread, and M.L. Hayward died on May 22, 1997. Plaintiff contends that M.L. Hayward's cancer was the result of exposure to radiation while he was employed by the DOE.

The EEOICPA became effective on July 31, 2001. Among other things, the EEOICPA provides for a lump sum payment of $150,000.00 to survivors of employees that died from cancer related to their exposure to radiation during employment in the U.S. nuclear weapons program. The EEOICPA provides that:

> An individual with cancer specified in subclause (I), (II), or (III) of section 73841(9)(B)(ii) of this title shall be determined to have sustained that cancer in the performance of duty for purposes of the compensation program if, and only if, the cancer specified in that subclause was at least as likely as not related to employment at the facility specified in that subclause, as determined in accordance with the guidelines established under subsection (c) of this section.

42 U.S.C. § 7384n(b). The DOL administers actions for survivor benefits under the EEOICPA.[3]

On December 10, 2001, plaintiff filed a claim for survivor benefits under the EEOICPA. On May 13, 2002, as required by the

---

[3] The DOL administers such action through the Office of Workers' Compensation Programs.

4

EEOICPA, the DOL referred her claim to the National Institute for Occupational Safety and Health ("NIOSH") to perform a radiation dose reconstruction.[4] NIOSH provided the DOL with the final dose reconstruction report containing the estimates of the radiation exposure to M.L. Hayward's prostate, and the DOL used this information to calculate a 21.41% probability that M.L. Hayward's prostate cancer was caused by radiation exposure during his covered employment.[5] Since, based on this figure M.L. Hayward's cancer was not at least as likely as not related to his employment (i.e., a probability of 50% or greater), the DOL issued a recommended decision denying plaintiff's claim on October 6, 2005.

On December 4, 2005, plaintiff filed objections to the recommended decision. The DOL held a hearing on plaintiff's objections on May 12, 2006, and then, on November 27, 2006, the DOL issued its initial final decision denying plaintiff's claim for survivor benefits.

---

[4] NIOSH analyzes several different factors to determine dose reconstructions. See Methods for Conducting Dose Reconstruction Under the Energy Employees Occupational Illness Compensation Program Act of 2000, 42 C.F.R. § 82.14 (2006).

[5] Once it receives the dose reconstruction data from NIOSH, the DOL will use the dose reconstruction, along with information on the cancer diagnosis and personal history provided by the claimant, to estimate the likelihood that the employee contracted cancer as a result of his or her covered employment. See 42 C.F.R. §§ 81.5-81.6.

On December 27, 2006, plaintiff filed her original complaint, initiating the above-captioned action. On February 7, 2007, the DOL issued a <u>sua sponte</u> director's order, as described in Claims for Compensation Under the Energy Employees Occupational Illness Compensation Program Act of 2000, as Amended, 20 C.F.R. § 30.320 (2006), which vacated the November 27, 2006, final decision and returned the action to the Denver final adjudication branch for the issuance of a new final decision. On March 14, 2007, the DOL issued its second final decision. The March 14, 2007, decision considered plaintiff's objections to the recommended decision and again denied plaintiff's claim for survivor benefits on the ground that M.L. Hayward's prostate cancer was not at least as likely as not related to his employment at DOE facilities.

Specifically, the DOL concluded that plaintiff's claim did not meet the eligibility requirements set forth in 42 U.S.C. § 7384n(b) because:

> 6. Based on the dose reconstruction performed by NIOSH, the probability of causation (the likelihood that the employee's cancer was related to radiation exposure incurred by him while working at the DOE facilities) was calculated for the employee's prostate cancer. The calculation was completed by a district office claims examiner and was independently verified by a Final Adjudication Branch claims examiner. The probability of causation values were determined using

> the upper 99% credibility limit, which helps minimize
> the possibility of denying claims to employees with
> cancer likely related to occupational radiation
> exposures. It was shown that the probability of
> causation for the employee's cancer was 21.41%, and did
> not meet the "at least as likely as not" (a 50% or
> greater probability) threshold required under the
> EEOICPA [at 42 U.S.C. § 7384n(b)] to establish that the
> cancer was related to radiation doses incurred while
> the employee was employed at the DOE facilities.

Admin. Rec. at 55. The DOL further concluded that "[t]he probability of causation calculation was completed in accordance with 42 U.S.C. § 7384n(c)(3) of EEOICPA and 20 C.F.R. §30.213, which references subpart E of 42 C.F.R. Part 81." Id.

IV.

Analysis

When reviewing an administrative decision on summary judgment, the court must determine "whether the agency acted appropriately given the standards of review set forth by the Administrative Procedure Act or the statute authorizing the agency's action." Willingham v. Dep't of Labor, 475 F. Supp. 2d 607, 611 (N.D. Tex. 2007) (citing Castillo v. Army & Air Force Exch. Serv., 849 F.2d 199, 202-03 (5th Cir. 1988)). The APA applies in the instant action because Part B of the EEOICPA does not set forth standards of review. See Sierra Club v. Glickman,

7

67 F.3d 90, 96 (5th Cir. 1995); Willingham, 475 F. Supp. 2d at 611.

The APA provides alternative standards of review under which a reviewing court judges the administrative action at issue. See 5 U.S.C. § 706(2). "The 'substantial evidence' test of § 706(2)(E) generally applies where a formal administrative hearing is <u>statutorily</u> required." Castillo, 849 F.2d at 203 n.1. See also Willingham, 475 F. Supp. 2d at 611-12. Conversely, when an informal hearing is held or required by regulation, the arbitrary and capricious standard applies. Camp v. Pitts, 411 U.S. 138, 140-42 (1973); Castillo, 849 F.2d at 203 n.1 ("Where an informal hearing is held or required but not pursuant to statute, the appropriate standard is the 'arbitrary and capricious' test of § 706(2)(A)"); Willingham, 475 F. Supp. 2d at 612. Part B of the EEOICPA does not statutorily require a formal administrative hearing on a claim for survivor benefits; rather, DOL regulations provide that the final adjudication branch "will consider objections filed by a claimant and conduct a hearing, if requested to do so by the claimant, before issuing a final decision on the claim for entitlement." 20 C.F.R. § 30.300. Accordingly, the court reviews defendant's denial of survivor benefits under the arbitrary and capricious standard referenced

8

in 5 U.S.C. § 706(2)(A). See Camp, 411 U.S. at 140-42; Castillo, 849 F.2d at 203 n.1; Willingham, 475 F. Supp. 2d at 612.

Under such standard, the court must determine whether the administrative decision at issue was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). "The Court must limit review to the administrative record in applying this standard to the Department of Labor's decision." Willingham, 475 F. Supp. 2d at 612 (citing Camp, 411 U.S. at 142). A presumption of validity attaches to the DOL's denial of plaintiff's claim, and plaintiff bears the burden of proving that such decision was arbitrary or capricious. See Miss. Hosp. Ass'n, Inc. v. Heckler, 701 F.2d 511, 516 (5th Cir. 1983); Willingham, 475 F. Supp. 2d at 612. "This standard of review is highly deferential . . . , and [the court] should not substitute [its] own judgment for the agency's." Gulf Restoration Network v. U.S. Dep't of Transp., 452 F.3d 362, 368 (5th Cir. 2006) (quotation and citation omitted).

"A decision is arbitrary or capricious only when it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Wilson v. U.S. Dep't of Agric., 991 F.2d 1211, 1215 (5th Cir. 1993) (quotation omitted). On the other hand, an agency decision is not arbitrary or

capricious if the agency considers the relevant factors and "articulates a rational relationship between the facts found and the choice made[.]" Louisiana ex rel. Guste v. Verity, 853 F.2d 322, 327 (5th Cir. 1988). In considering the agency's decision, the court "must look at the decision not as a chemist, biologist, or statistician that [it is] qualified neither by training nor experience to be, but as a reviewing court exercising [its] narrowly defined duty of holding agencies to certain minimal standards of rationality." Gulf Restoration Network, 452 F.3d at 368 (citation omitted).

Plaintiff's complaint is limited to the DOL's failure to adjust the User Defined Uncertainty Distribution variable in the NIOSH-IREP computer program. Plaintiff raised this argument in her objections to the DOL's recommended decision. The record indicates that the DOL did consider changing the User Defined Uncertainty Distribution, but that a DOL health physicist concluded that such change would have been improper. Plaintiff argues that the court "should vacate the decision of the DOL because it was based upon the unsupported opinion of the DOL 'Health Physicist' completely outside of the administrative hearing, without Plaintiff even being informed of such opinion or

having any opportunity whatsoever to rebut such opinion[.]"

Pl.'s Br. at 13-14. However, DOL regulations explain that:

> The hearing is an informal process, and the reviewer is not bound by common law or statutory rules of evidence, or by technical or formal rules of procedure. The reviewer may conduct the hearing in such manner as to best ascertain the rights of the claimant. During the hearing process, the claimant may state his or her arguments and present new written evidence and/or testimony in support of the claim.

20 C.F.R. § 30.314(c). The regulations also contemplate that, as part of the hearing process, the reviewer acting on behalf of the final adjudication branch may conduct whatever investigation is deemed necessary. Id. § 30.314(a).

In order to grant plaintiff's requested relief, the court would have to conclude that, in light of the rarity of M.L. Hayward's cancer, the DOL erred in failing to adjust the User Defined Uncertainty Distribution variable. This conclusion would exceed the court's authority under the arbitrary and capricious standard of review. See Gulf Restoration Network, 452 F.3d at 368. Having thoroughly reviewed the administrative record, the court concludes that plaintiff has failed to carry her burden of proving that defendant's decision denying survivor benefits to her was arbitrary or capricious. Plaintiff has not demonstrated that defendant did not consider the relevant factors or that

defendant failed to articulate a rational relationship between the facts found and the choice made. Nor has plaintiff persuaded the court that the denial of benefits was an abuse of discretion or otherwise not in accordance with law.

V.

Order

For the reasons discussed above, the court concludes that the motion for summary judgment filed by defendant should be granted.

The court ORDERS that defendant's decision denying plaintiff survivor benefits under Part B of the EEOICPA be, and is hereby, affirmed.

SIGNED November 29, 2007.

JOHN McBRYDE
United States District Judge